# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA J. OSBORNE,

             Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS, REDGRANITE CORRECTIONAL INSTITUTION, HEALTH SERVICES UNIT OF REDGRANITE CORRECTIONAL INSTITUTION, SEGREGATION UNIT OF REDGRANITE CORRECTIONAL INSTITUTION, MICHAEL MEISNER, SAUNDRA HAUTAKAMI, BRAD HOMPE, C. O'DONNELL, CAPTAIN WESNER, CAPTAIN KELLER, SGT. FOUCHE, and M. SMITH,

             Defendants.

Case No. 17-CV-754-JPS

**ORDER**

      Plaintiff, who is incarcerated at Redgranite Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $2.92. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was placed in the restricted housing unit ("RHU") on temporary lock-up ("TLU") status on September 7, 2016. (Docket #1 at 8). He was sent to the RHU pending investigation into a physical altercation in which he was involved. *Id.* When he arrived at the particular RHU cell to which he was assigned, he was told he would be put in a cell with another inmate and that he would sleep on the floor with a mattress. *Id.* He protested, claiming that he had to be single-celled due to his TLU status and that he wanted to avoid sleeping on the floor because it was dirty with dust and "black stuff." *Id.* He was told he would be forced into the cell if he did not go in voluntarily. *Id.*

On September 22, 2016, Plaintiff asked to speak with the RHU sergeant, Defendant Sgt. Fouche ("Fouche"). *Id.* Fouche did not respond. *Id.* He then asked to speak with the RHU captain, Defendant Captain Wesner ("Wesner"), on September 24, 2016, but again he was ignored. *Id.* Next, on September 26, 2016, he contacted the prison deputy warden, Defendant Saundra Hautakami ("Hautakami"), about the "floor situation" and was told to follow the chain of command and contact Defendant Captain Keller ("Keller"), who also worked in the RHU. *Id.* Keller likewise ignored Plaintiff's requests for aid, but Plaintiff does not say when he reached out to Keller. *Id.*

During his confinement in the RHU, Plaintiff submitted inmate grievances and Health Services Unit ("HSU") requests detailing the living conditions he suffered and how they affected his health. *Id.* Put briefly, he claims that night after night as he slept, he was repeatedly bitten by bugs crawling up through the drain in the cell floor, which he slept next to. *Id.* The bug bites caused a severe rash over his arms, chest, thighs, and back. *Id.* at 8–9. The rash itched, caused pain during showering, and exuded puss. *Id.* Separately, Plaintiff complained that being forced to sleep on the floor meant that he was splashed with his cellmate's urine when that person used the cell's toilet. *Id.* at 9.

He submitted his first HSU request about these conditions on September 24, 2016, an inmate grievance on September 26, 2016, and another HSU request on September 28, 2016. *Id.* at 8. He alleges that no one responded to these submissions. *Id.* at 9. Plaintiff says that he was taken down to the HSU "eventually," though he does not state on what date this occurred. *Id.* He did not see any medical professional while at the HSU. *Id.* Instead, he sat there for a few minutes and then was returned to the RHU.

*Id.* The HSU staff notes reflect that he refused care, but he appears to allege that this was a lie. *Id.* In all, Plaintiff says he suffered these living conditions in the RHU for two weeks and that his requests for medical care were ignored for a period of months afterward. *Id.*

Plaintiff raises the following claims based on these facts: (1) inadequate conditions of confinement, in violation of the Eighth Amendment; (2) medical malpractice under Wisconsin state law; (3) deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. *Id.* at 10. He seeks a declaration that Defendants violated his rights and asks for compensatory and punitive damages. *Id.* at 11. In light of the low bar set at the screening stage, Plaintiff has alleged facts sufficient to support his claims.

First, sleeping on a filthy, urine-soaked mattress on the floor, and being forced to do so each night despite being bitten by bugs coming out of a floor drain, suffices to state a claim under the Eighth Amendment based on conditions of confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (a conditions-of-confinement claim must involve a prison official's deliberate indifference to conditions "sufficiently serious" so as to constitute "'the denial of the minimal civilized measure of life's necessities'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Of course, "provid[ing] a maximally safe environment, one completely free from pollution or safety hazards," is not required by the Constitution. *Caroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). But at this early stage, the Court finds it appropriate that this claim should proceed.

Second, being completely denied medical care despite a body-covering rash and repeated requests for aid states a claim for deliberate indifference to medical needs under the Eighth Amendment. *Gayton v.*

*McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (a medical deliberate indifference claim requires that (1) the plaintiff had an objectively serious medical condition, (2) the defendants knew of the condition and were deliberately indifferent to treating it, and (3) their indifference caused the plaintiff some injury). Similarly, these allegations make out a claim for medical malpractice under Wisconsin state law. *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001) (noting that medical malpractice claims involve a breach of a duty of care that results in injury).

Yet there remain several problems with Plaintiff's complaint, all stemming from the fact that Plaintiff has not named all the responsible parties and has named several inappropriate parties. First, the Wisconsin Department of Corrections ("DOC"), Redgranite Correctional Institution, and its RHU and HSU are not suable entities under Section 1983, and so Plaintiff's constitutional claims against them must be dismissed. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Similarly, Plaintiff's state-law claim against these Defendants cannot be maintained, as the Eleventh Amendment immunizes non-consenting states and their agencies from suit in federal court. *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000); *Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000).

Next, all constitutional claims against Defendant Michael Meisner ("Meisner"), RCI's warden, must be dismissed. Plaintiff does not allege that Meisner knew of and ignored Plaintiff's complaints about the conditions of his RHU cell or his medical problems. Meisner cannot be liable simply because he supervised employees who committed misconduct absent some allegation that he condoned it or turned a blind eye toward it. *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005); *Sanville v. McCaughtry,* 266 F.3d

724, 740 (7th Cir. 2001); *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000). The Court will not dismiss the claim against Meisner for medical malpractice at this juncture, however, despite significant gaps in Plaintiff's complaint regarding Meisner's control over the HSU staff. *See Estate of Hegarty ex rel. Hegarty v. Beauchaine*, 638 N.W.2d 355, 372 (Wis. Ct. App. 2001). Meisner and the other Defendants can raise whatever defenses to this claim they believe are appropriate.

Additionally, there is a more fundamental problem with Plaintiff's medical claims—namely, that he does not name any individual doctor, nurse, or other medical personnel in the RCI HSU. For instance, there is no allegation regarding who received Plaintiff's two HSU requests for care or who responded. For purposes of his Section 1983 claim, these would be the parties responsible for Plaintiff's denial of medical treatment, not the HSU or the institution generally. *See Pepper*, 430 F.3d at 810. Nevertheless, because some high-level, non-medical prison officials allegedly ignored Plaintiff's pleas for treatment, including the deputy warden, these claims must be allowed to proceed. Plaintiff would be wise to seek discovery as to the identities of the relevant HSU employees and amend his complaint accordingly.

Finally, Plaintiff's factual allegations do not touch upon Defendants Brad Hompe ("Hompe"), a DOC corrections complaint examiner, C. O'Donnell ("O'Donnell"), an employee of the DOC Office of the Secretary, or M. Smith ("Smith"), the RCI institution complaint examiner. The Court gathers that these individuals reviewed his September 28, 2016 inmate grievance. Yet those who review inmate complaints are not liable simply for denying a prisoner the relief he seeks. *See Ali v. West*, Case No. 16–CV–1518–JPS, 2017 WL 176304, at *5 (E.D. Wis. Jan. 17, 2017). Although they can

be liable if ignoring the prisoner's complaints rises to the level of deliberate indifference to sufficiently serious medical needs or conditions of confinement, *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), here Plaintiff says he was only exposed to these problems for two weeks and he only filed one grievance about them. As such, there is no basis on which to conclude that the inmate-complaint Defendants had an opportunity to remediate the problem which they then ignored. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). They therefore lacked sufficient personal involvement in the alleged wrongdoing to be found liable. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). Thus, these Defendants must be dismissed.

For the reasons stated above, Plaintiff will be permitted to proceed on the following claims: (1) inadequate conditions of confinement, in violation of the Eighth Amendment, against Defendants Hautakami, Fouche, Wesner, and Keller; (2) medical malpractice under Wisconsin state law, against Defendants Hautakami, Fouche, Wesner, Keller, and Meisner; and (3) deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Hautakami, Fouche, Wesner, and Keller. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Wisconsin Department of Corrections, Redgranite Correctional Institution, Segregation Unit of Redgranite Correctional Institution, Health Services Unit of Redgranite Correctional Institution, Hompe, O'Donnell, and Smith be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge