# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA J. OSBORNE,

                Plaintiff,

v.

WARDEN MICHAEL MEISNER, SANDRA HAUTAMAKI, ANDREW WESNER, CHAD KELLER, MATTHEW FOCHS, JASON RALLS, DEANNA TIMM, COREY HEFT, KIMBERLY JOHNSON, TRAVIS RODER, ANGELA THOMPSON, ELIZABETH HAASE, SHARI KLENKE, and BRIAN SMITH,

                Defendants.

Case No. 17-CV-754-JPS

**ORDER**

**1.    INTRODUCTION**

Plaintiff Joshua Osborne, a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, various employees at Redgranite Correctional Institution, alleging that they housed him in filthy conditions which led to him suffering a severe rash and bug bites. (Docket #22 at 2-4). Plaintiff was allowed to proceed on three claims: "(1) inadequate conditions of confinement. . .; (2) medical malpractice under Wisconsin state law . . .; and (3) deliberate indifference to his serious medical needs[.]" *Id.* at 5-6. Defendants filed a motion for partial summary judgment on November 16, 2017, arguing that Plaintiff failed to exhaust his administrative remedies before filing suit as to the latter two claims. (Docket #32). The motion has been fully briefed, and for the reasons stated below, it will be granted.

2. **STANDARD OF REVIEW**

   2.1 **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   2.2 **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the

parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § DOC 310.11(6).[1] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14.

---

[1] The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

3. **RELEVANT FACTS**

The material facts are as follows. Plaintiff filed one timely inmate complaint related to his claims in this case. That complaint, submitted on September 23, 2016, stated in pertinent part:

> I am sleeping on the floor in seg[.]
> . . .
> On 9-21-16 I was told by C/O II to pack my stuff from D-wing that I was moving to C-wing and going to have a cellie. Since [I]'ve moved in C-6 I've been sleeping on the floor and I have bug bites all over me[.] I've told the C/O's and got the response to[o] bad we're over crowded. The rooms in seg are set up for one person not two people. My mat[t]ress is on the floor on top the shower drain and is right next to the toilet. Thank you for your time in this matter.

(Docket #35-2 at 11). In the "action requested" section, Plaintiff said: "[e]ither to be on the slab of concrete provided to us while in seg or to just be in a cell me[a]nt for one person and only one person not two. Or let me into gp [general population]." *Id.* at 12. The ICE recommended dismissal of the complaint on October 5, 2016, and the reviewing authority accepted that recommendation on October 9, 2016. He appealed the dismissal on October 12, 2016, stating:

> On 9-22-16 I was forced out of D-wing RHU to C-wing RHU due to work being done but was forced to double up in a single cell and had to sleep on the floor on top [of] a shower drain next to a toilet 2 feet from on a flat single mattress not even 6 inch off the ground and no accommodation. I spent 2 weeks in this inhuman and unsanitary state and notif[i]ed all possibil[ities] about this issue and was denied/dismissed on

>   my ICRS complaint and got denied of all request to move cells[.]

*Id.* at 13. Plaintiff's appeal was denied on November 21, 2016.

The complaint relates only to Plaintiff's conditions of confinement and makes no mention of medical issues. Plaintiff addresses this failing in two ways. First, he says that his medical conditions "should have been obvious to [Defendants] upon even a glimps[e] into the cell" or by looking at the rash and bug bites on his body. (Docket #38 at 3). Plaintiff also claims that Defendants were put "on notice verbally to the living conditions and [his] medical needs, in complaint form, contacting deputy warden personally, the further HSU requests for medical attention, and fully exhausting remedies all the way to Madison[.]" *Id.*; *see also* (Docket #40-1 at 6) (an "Interview/Information Request" form from Plaintiff to the deputy warden, listing prior complaints about cell conditions and further stating that he had "what looks like bug bites on my body.").

Second, Plaintiff points to a second inmate complaint he filed on November 22, 2017. (Docket #43-1 at 8). This complaint is directed at his medical care "in September 2016 while in RHU[.]" *Id.* That same day, the ICE rejected the complaint as being submitted beyond the fourteen-day time limitation without good cause for the delay. *Id.* at 2-3. Plaintiff appealed the rejection, but it was affirmed by the reviewing authority on December 4, 2017. *Id.* at 5.

4.  **ANALYSIS**

The undisputed facts demonstrate that Plaintiff has not exhausted his administrative remedies with respect to his medical claims in this case. Plaintiff's only timely inmate complaint made no mention of any medical issues. Further, his arguments to the contrary are meritless. Plaintiff claims

that his verbal complaints and his various other written correspondences, like health service requests and information requests to prison authorities, served as a substitute for following the ICRS procedures. This is incorrect. To exhaust his administrative remedies, Plaintiff was required to follow the straightforward ICRS procedures, a process he clearly knew how to navigate as demonstrated by the September 23, 2016 complaint and appeal. Similarly, most of Plaintiff's response brief focuses on Defendants' notice of his medical needs as related to their liability under the Eighth Amendment. (Docket #37 at 3-9, 11-12). This is immaterial to his compliance with the PLRA's exhaustion requirement. His failure to raise his medical concerns through the ICRS process means that they cannot be heard in this Court. *Pozo*, 286 F.3d at 1025 ("Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Plaintiff's November 22, 2017 complaint does not help him either. The complaint was filed far out of time and rejected on that basis. Complaints rejected for their procedural failings do not serve to exhaust an inmate's administrative remedies. *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005) ("[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming."). Even if the recent complaint had been accepted by prison officials, and Plaintiff had carried it through the rest of the ICRS process, it could not save the medical claims in this case. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535.

5.  **CONCLUSION**

The undisputed facts demonstrate that Plaintiff failed to properly exhaust his administrative remedies with respect to his medical claims prior to instituting this lawsuit. Those claims, claims two and three identified in the Court's August 25, 2017 screening order, must be dismissed without prejudice. (Docket #22 at 5-6).[2] Defendants Elizabeth Haase, Shari Klenke, and Angela Thompson were named only in relation to those claims, and so they too shall be dismissed from this action.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (Docket #32) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims for medical malpractice and for deliberate indifference to his serious medical needs, (Docket #22 at #5-6), be and the same are hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Defendants R.N. Elizabeth Haase, Nurse Klenke, and R.N. Thompson be and the same are hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Although it appears certain, given the rejection of his November 22, 2017 complaint, that Plaintiff will not be able to complete the ICRS process for his unexhausted claims, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).