# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA J. OSBORNE,

                      Plaintiff,

v.

MICHAEL MEISNER, SANDRA HAUTAMAKI, ANDREW WESNER, CHAD KELLER, MATTHEW FOCHS, JASON RALLS, DEANNA TIMM, COREY HEFT, KIMBERLY JOHNSON, TRAVIS RODER, and BRIAN SMITH,

                      Defendants.

Case No. 17-CV-754-JPS

**ORDER**

       Plaintiff, who is incarcerated at Redgranite Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #21). Before the Court is Plaintiff's motion to compel discovery responses. (Docket #44). Plaintiff apparently served a set of discovery requests on Defendants on or about December 15, 2017. (Docket #44 at 1). He seeks, among other things, incident reports, medical records, and prison regulations and policies. *See id.*

       Defendants responded by letter that same day, noting that they would not respond because the discovery requests were served late. (Docket #46 at 4). That is, because the discovery deadline in this case is December 31, 2017, Plaintiff's discovery requests were not served sufficiently early to permit Defendants the full thirty days allotted under the federal and Local discovery rules to respond. This is a violation of the Court's scheduling order, which states that "[a]ll requests for discovery

shall be served by a date sufficiently early so that all discovery is completed no later than **Sunday, December 31, 2017**." (Docket #14 at 2) (emphasis in original). Consequently, Defendants are refusing to respond to the discovery requests.

In his motion, Plaintiff asks for an order compelling Defendants to respond. (Docket #44 at 2). However, he offers little argument in support of the request other than to state that Defendants are refusing to respond to his requests. *Id.* In particular, he gives no reason whatsoever why his late-served discovery requests should nevertheless be enforced by the Court. He claims that Defendants should have "ask[ed] for more time to submit their discovery to [P]laintiff," *id.*, but they are under no obligation to seek relief from the scheduling order on Plaintiff's behalf. Discovery in this case has been open since late July, and the Court is not sympathetic to Plaintiff's last-minute efforts to seek the information he needs to sustain his claims. Finally, Plaintiff does not provide evidence that he engaged in meaningful efforts to meet and confer with Defendants in an effort to resolve his concerns prior to seeking the Court's intervention, as is required by the rules of this Court. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37; *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007). For these reasons, the Court must deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #44) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge