# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA J. OSBORNE,

       Plaintiff,

v.

MICHAEL MEISNER, SANDRA
HAUTAMAKI, ANDREW WESNER,
CHAD KELLER, MATTHEW FOCHS,
JASON RALLS, DEANNA TIMM,
COREY HEFT, KIMBERLY JOHNSON,
TRAVIS RODER, and BRIAN SMITH,

       Defendants.

Case No. 17-CV-754-JPS

**ORDER**

   Plaintiff, who is incarcerated at Redgranite Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #21). Before the Court are two motions from Plaintiff. The first requests reconsideration of the Court's recent order granting partial summary judgment to Defendants. (Docket #50). The second is Plaintiff's fourth motion requesting the appointment of counsel. (Docket #55). The Court will deny both motions.

**1.  Plaintiff's Motion for Reconsideration**

   Plaintiff filed a motion on January 4, 2018 asking that the Court reconsider its December 27, 2017 order granting partial summary judgment to Defendants. (Docket #45). In that order, the Court found that Plaintiff failed to exhaust his prison administrative remedies with respect to his claim of deliberate indifference to his serious medical needs. *Id.* at 5–6. His initial inmate complaint, filed around the time of the relevant events

in 2016, did not raise the issue of allegedly inadequate medical care, *id.* at 4–5, and while a subsequent inmate complaint in late 2017 did mention medical care, it was rejected because it was submitted nearly a year outside the permissible time period, *id.* at 6. As a result, the medical deliberate indifference claim had to be dismissed. *Id.*; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001).

Plaintiff seeks reconsideration of that order, arguing that his 2016 inmate complaint, considered alongside his contemporaneous healthcare requests and other actions, put Defendants on notice of his medical claim. (Docket #50 at 2). Although he cites no authority supporting his motion, Federal Rule of Civil Procedure 60(b) permits a court to revisit orders in civil cases. Fed. R. Civ. P. 60(b). That Rule allows the Court to vacate an order based on, *inter alia*, a mistake, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Rule 60(b) affords Plaintiff no relief here. First, and most importantly, Plaintiff's argument is one he made in opposition to Defendants' motion for partial summary judgment. *See* (Docket #38 at 3); (Docket #47 at 2). The Court considered and rejected it, finding that the September 2016 inmate complaint and Plaintiff's appeal thereof raised issues only regarding the conditions of Plaintiff's cell, not improper medical care. (Docket #45 at 5–6). A motion for reconsideration is not to be

used as a second bite at the apple. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). For that reason alone, the Court declines to revisit its prior ruling.

To be sure, were it to reach the merits, the Court would find Plaintiff's argument no more persuasive now than it was when first offered. As the Court previously explained, the inmate complaint in question stated, in pertinent part:

> I am sleeping on the floor in seg[.] . . . On 9-21-16 I was told by C/O II to pack my stuff from D-wing that I was moving to C-wing and going to have a cellie. Since [I]'ve moved in C-6 I've been sleeping on the floor and I have bug bites all over me[.] I've told the C/O's and got the response to[o] bad we're over crowded. The rooms in seg are set up for one person not two people. My mat[t]ress is on the floor on top the shower drain and is right next to the toilet. Thank you for your time in this matter.

(Docket #35-2 at 11). In the "action requested" section, Plaintiff said: "[e]ither to be on the slab of concrete provided to us while in seg or to just be in a cell me[a]nt for one person and only one person not two. Or let me into [general population]." *Id.* at 12. After his complaint was dismissed, Plaintiff appealed, arguing that

> On 9-22-16 I was forced out of D-wing RHU to C-wing RHU due to work being done but was forced to double up in a single cell and had to sleep on the floor on top [of] a shower drain next to a toilet 2 feet from on a flat single mattress not even 6 inch off the ground and no accommodation. I spent 2 weeks in this inhuman and unsanitary state and notif[i]ed all possibil[ities] about this issue and was denied/dismissed on my ICRS complaint and got denied of all request to move cells[.]

*Id.* at 13. The dismissal was affirmed on appeal.

Plaintiff argues that he adequately notified prison officials of his lack of medical care for purposes of exhaustion. He reasons that first, prior to submitting his 2016 complaint, he warned several prison officials verbally, in health services requests, and by letter of the bug bites he received as a result of sleeping next to the floor drain, as well as the body-covering rashes that the bites caused. (Docket #50 at 2, 6). Next, Plaintiff contends that his inmate complaint and appeal highlighted the medical aspect of his concerns, as he mentioned both bug bites occurring all over his body and, on appeal, that he was living in an "unsanitary state." (Docket #35-2 at 11–13); (Docket #50 at 2–3, 6–7). Thus, prison officials, reflecting on his pre-complaint warnings together with his inmate complaint, should have concluded that he was in need of medical care. (Docket #50 at 3).

Plaintiff's argument is about the scope of his inmate complaint, and the Seventh Circuit has offered guidance on this question. To adequately notify prison officials of a particular claim, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005).

Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e).

Plaintiff's complaint falls short of satisfying these lenient standards. At the outset, the Court rejects Plaintiff's contention that prison officials are required to interpret inmate complaints using other knowledge they might have, from whatever source. As the Court made clear in its summary judgment order, Plaintiff's verbal complaints, health services requests, and other notification efforts, however robust, have no bearing whatsoever on the scope of his inmate complaint. (Docket #45 at 5–6). Instead, to achieve exhaustion, Plaintiff had to raise his medical concerns through the grievance process itself. *Id.*[1]

To the extent Plaintiff argues that his 2016 inmate complaint suffices, standing alone, to notify Defendants of his medical needs, he is mistaken. Plaintiff's complaint was directed at the conditions of his cell in segregation, including having to sleep on the floor, being double-celled, and having to sleep next to the toilet. True, Plaintiff mentioned "bug bites all over me," (Docket #35-2 at 11), but nothing in the complaint suggests that the bug bites caused oozing, body-covering rashes that required medical attention. Instead, considered in the context of the complaint, they formed merely one part of Plaintiff's discontent with the living situation

---

[1] To the extent Plaintiff believes that his conduct achieved substantial compliance with the grievance process, in conformity with precedent from the Third Circuit, (Docket #50 at 3), it does not matter; in the Seventh Circuit, substantial compliance is not enough. *Pozo*, 286 F.3d at 1025.

inside his cell. Notably, Plaintiff did not request any medical care in this complaint; he asked only that he be provided different accommodations.

Similarly, a single reference to "unsanitary" conditions in his appeal of the complaint's dismissal did not raise medical concerns. *Id.* at 13. Unsanitary cell conditions can be part of a claim for inadequate conditions of confinement, but they do not require or even suggest the conclusion that the inmate in question has suffered medical harm as a result of those conditions. In other words, an inmate could rightfully complain about a dirty or bug-ridden cell without suffering an injury in need of treatment.

A complaint about the bugs or unsanitary conditions alone would not, even construed generously, induce prison officials to consider whether adequate medical care was being provided. *Riccardo*, 375 F.3d at 524. Plaintiff concedes that the bug bites were, at best, indicative of a medical issue only "in its early stages of progression." (Docket #50 at 4). While Plaintiff is correct that he did not need to use certain magic words to put his medical claims in issue, *id.* at 5, what he submitted was not enough. In the parlance of Wisconsin's prison regulations, Plaintiff failed to "clearly identify" medical care as his issue of concern. Wis. Admin. Code § DOC 310.09(1)(e).

Moreover, just as Plaintiff cannot deploy his pre-grievance statements to construe his complaint, he cannot rest on a claim that the investigation into his inmate complaint would likely yield information about his medical concerns. *See id.* That principle works in employment discrimination cases, *see Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), but it is not found in Wisconsin's prison regulations, which

control here, *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011), nor in any case this Court could locate interpreting them. Plaintiff's lone citation on this point, *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000), simply does not stand for that idea.

As such, the Court finds that the 2016 inmate complaint did not object intelligibly to an asserted failure to provide medical care, and such a claim therefore did not fall within the scope of the complaint. *See Strong*, 297 F.3d at 650. The Court correctly determined that Plaintiff failed to exhaust his prison administrative remedies as to a claim of deliberate indifference to his serious medical needs. There being no compelling reason to vacate or amend the Court's prior decision on this point, the motion for reconsideration must be denied. *Wickens*, 620 F.3d at 759.

**2.     Plaintiff's Fourth Motion for Appointment of Counsel**

The other pending motion ripe for disposition is Plaintiff's fourth motion requesting the appointment of counsel. (Docket #55). The Court has explained three times now that, as a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se

plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

As with his three prior motions, Plaintiff's instant request for counsel must be denied because, notwithstanding his efforts to obtain his own counsel, he has not presented sufficient evidence or argument showing that he cannot litigate this matter competently on his own. His renewed motion only repeats arguments from prior motions, so it deserves little consideration. These include his claim that his imprisonment and lack of legal training will limit his ability to litigate this case and perform research and investigation, that this case is "complex," and that trial "will likely involve conflicting testimony," which counsel will be better able to handle. (Docket #55 at 1–2). The Court has already twice rejected these as sufficient reasons to warrant the appointment of counsel at this time, (Docket #20 at 2–3); (Docket #30 at 2), and, as before, Plaintiff offers no reason to change course.

Further, Plaintiff restates his prior contention that he suffers from cerebral palsy, which he says affects his capacity to litigate. (Docket #55 at 1–2). In his third motion seeking counsel, the Court found Plaintiff's claimed condition was insufficiently supported by the affidavit he submitted. (Docket #30 at 3). This time, however, Plaintiff has not

submitted a single piece of corroborating evidence, whether an affidavit, medical record, or otherwise, to show that he in fact has cerebral palsy. Plaintiff claims he wants to send the Court video footage of his condition but cannot convince the prison to release it to him, (Docket #55 at 2), but video of his condition is not the only avenue for Plaintiff to prove his claimed disability. Yet again, the Court finds the evidence of Plaintiff's condition lacking, and thus there is no suitable basis for the appointment of counsel at this time. As such, the Court will deny Plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #50) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's fourth motion requesting the appointment of counsel (Docket #55) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge